J-S44037-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN MICHAEL CREDICO, | : | |
| | : | |
| Appellant | : | No. 795 EDA 2018 |

Appeal from the PCRA Order January 19, 2018
in the Court of Common Pleas of Chester County,
Criminal Division at No(s): CP-15-CR-0003687-2012

BEFORE: LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED SEPTEMBER 26, 2018**

Justin Michael Credico ("Credico") appeals, *pro se*, from the Order dismissing his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In September 2012, Credico was arrested and charged with one count each of terroristic threats and stalking, and three counts of harassment, arising out of three separate incidents in which Credico "approached the same Parking Enforcement Officer and called her names, made crude gestures and ultimately threatened to kill her and her family." Rule 907 Notice, 11/8/17, at 2 n.1. Following a procedural history that is not relevant to this appeal, Credico entered a negotiated guilty plea to terroristic threats on September 23, 2013. The trial court sentenced Credico, pursuant to the plea agreement, to one year of probation. The trial court also ordered Credico to have no contact with the victim, to undergo drug and alcohol and mental health

evaluations, and to follow any recommended treatments. Credico did not file a direct appeal.

In February 2014, after receiving a Petition from Credico's probation supervisor indicating that Credico had violated his probation, the trial court issued a bench warrant. The trial court subsequently lifted the detainer, and allowed Credico to "be released only to the representatives of the Federal Bureau of Investigation."

Credico, *pro se*, filed the instant PCRA Petition on February 21, 2014. No immediate action was taken on the Petition, as Credico was in federal custody.

On February 23, 2017, Credico filed a Motion for Termination of Probation. By an Order entered on August 2, 2017, the trial court found Credico in violation of his probation, directed that no further action be taken, closed the case, and released Credico from custody.

On November 8, 2017, the PCRA court issued a Pa.R.Crim.P. 907 Notice of its intention to dismiss Credico's Petition without a hearing. Credico filed a *pro se* Response. On January 19, 2018, the PCRA court dismissed Credico's Petition. The instant appeal followed.

To be eligible for relief under the PCRA, a petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S.A. § 9543(a)(1)(i). "As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition." **Commonwealth v. Williams**, 977

A.2d 1174, 1176 (Pa. Super. 2009). Here, Credico acknowledged in his Response to the PCRA court's Rule 907 Notice that he became ineligible for relief under the PCRA after his case was closed. **See** Response to Rule 907 Notice, 11/17/17, at 1, 2, 3. Thus, as Credico is no longer serving a sentence, and is therefore ineligible for relief under the PCRA, we affirm the Order of the PCRA court dismissing Credico's PCRA Petition. **See** 42 Pa.C.S.A. § 9543(a)(1)(i); **see also Williams, supra**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/26/18